CORTEÑAS, J.
Louis LaTorre filed a motion for appointment of a public defender to represent him during an appeal and subsequently filed an application for determination of indigent status with the clerk of the court. When seemingly no action was taken by the clerk following receipt of the application, LaTorre set his motion for hearing. The clerk was asked by the judge at the hearing whether LaTorre had filed the requisite financial affidavit, and the clerk responded that the affidavit should be in the file and added “I believe he was — he *1266 did qualify.” Despite the statement made by the clerk, it is undisputed that no determination of indigence was made on the face of the application. The trial court inquired about LaTorre’s financial status, the amount of the bond posted on his behalf, the attorney’s fees expended in defending his case, and LaTorre’s transfer of his property to his wife. After considering LaTorre’s testimony, the trial court determined that LaTorre was not indigent and denied his motion.
Section 27.52(3), Florida Statutes (2008), provides:
APPOINTMENT OF COUNSEL ON INTERIM BASIS. — If the clerk of the court has not made a determination of indigent status at the time a person requests appointment of a public defender, the court shall make a preliminary determination of indigent status, pending further review by the clerk, and may, by court order, appoint a public defender, the office of criminal conflict and civil regional counsel, or private counsel on an interim basis.
Because there is no evidence that the clerk had conclusively determined that La-Torre was in fact indigent, we find no error in the trial court making a preliminary determination that LaTorre was not indigent. We remand for the clerk to make a determination under section 27.52, Florida Statutes (2008). On remand, La-Torre’s homestead property shall not be considered in the determination of indigent status. See § 27.52(2)(a)(2), Fla. Stat. (2008).
Affirmed and remanded with instructions.